UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KASI ALFORD,

         Plaintiff,        Civil Action No. 18-10466
                                     Honorable Paul D. Borman
v.                                 Magistrate Judge Elizabeth A. Stafford

D. BUTLER, *et al.*,

         Defendants.
_____/

**REPORT AND RECOMMENDATION TO DISMISS *SUA SPONTE* IN PART, AND TO GRANT IN PART AND DENY IN PART THE MDOC DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT [ECF NO. 20].**

**I.   Introduction**

Plaintiff Kasi Alford, a prisoner proceeding *pro se* proceeding *in forma pauperis*, sues employees of the Michigan Department of Corrections (MDOC) under 42 U.S.C. § 1983, alleging that they violated her constitutional rights during her incarceration at Women's Huron Valley Correctional Facility. [ECF Nos. 1, 3]. Defendants Donna Butler, Jennifer Denney, Steven Adams, Derrick Lee, Eboni Chavers, Alexia Johnson, Maya Nelson, Jamie Strickland, Natasha Reed, Amber Brown, Laura Williams, Richard Jackson, and Cheryl White move for partial summary judgment, contending that Alford failed to exhaust her administrative

remedies. [ECF No. 20]. The Court agrees in part, and also finds that some of Alford's claims should be dismissed *sua sponte* for lack of merit.

## II. Analysis

### A.

As a prisoner proceeding *in forma pauperis*, Alford's claims must be considered under the Prison Litigation Reform Act (PLRA). The PLRA requires a court to dismiss *sua sponte* all or part of a complaint when claims lack merit, or when the plaintiff seeks monetary damages from defendants who are immune from that relief. 28 U.S.C. § 1915(e)(2)(B). Pleadings filed by *pro se* litigants are entitled to a more liberal reading than that given to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007); *Davis v. Prison Health Services*, 679 F.3d 433, 437-38 (6th Cir. 2012).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." *West v. Atkins*, 487 U.S. 42, 48, (1988). Thus, a plaintiff states no claim under Section 1983 with allegations of verbal abuse, threats, harassment or defamation. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987);

*Banks v. Klapish*, 717 F. Supp. 520, 522 (W.D. Mich. 1989).  This rule holds even when the alleged actions are "shameful and utterly unprofessional."  *Johnson*, 357 F.3d at 546.

In *Johnson*, the court held that the plaintiff stated no Section 1983 claim even though the defendant was alleged to have continuously banged and kicked the plaintiff's cell door, thrown the plaintiff's food trays so hard that the top flew off, made aggravating remarks and insulted the plaintiff about his long hair, growled and snarled at him, smeared his window to obstruct his view, behaved in a racially prejudicial manner, and jerked and pulled him unnecessarily hard when escorting him.  *Id.* at 545.

Many of Alford's claims here do not allege a constitutional violation:

- February 8, 2017, Reed harassed Alford and allowed other inmates to harass her, grievance number 17-02-0736-28B, [ECF No. 1, PageID.8].

- February 9, 2017, Reed denied Alford the use of playing cards but allowed two other prisoners to continue playing cards, grievance number 17-02-0737-28B, [*Id.*, PageID.8];

- February 17, 2017, Reed lied to the treatment team about Alford, grievance number 17-02-0940-28B, [*Id.*, PageID.11];

- February 17, 2017, Brown and Williams talked to Alford in a rude and nasty manner, and did not process her mail, grievance number 17-02-0942-28E, [*Id.*];

3

- February 20, 2017, White and Lee humiliated Alford when placing her on a two-hour cool down, grievance number 17-02-0989-28E, [*Id.*, PageID.9];

- March 6, 2017, Brown humiliated Alford by yelling and screaming at her in front of unit, and made false allegations about Alford to the treatment team, grievance number 17-03-1271-281, [*Id.*, PageID.10]; and

- March 10, 2017, Brown was rude and demeaning, and threatened to send Alford to segregation, grievance number 17-02-1316-28B, [*Id.*].

These allegations of Alford's complaint should be dismissed *sua sponte* because they fail to state a claim under Section 1983.

### B.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and must specify the portions of the record that show the lack of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant

4

satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id.* at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). But "[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009).

The PLRA requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90, 93 (citation omitted) (emphasis in original). The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). A dismissal for failure to exhaust administrative remedies, even when decided on summary judgment, is without prejudice. *Boyd v. Corr. Corp. of America*, 380 F.3d 989, 994 (6th Cir. 2004).

5

"The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim," but it is self-evident that an untimely or otherwise improperly filed grievance does not fulfill the exhaustion requirement. *Id.*; *see also Woodford,* 548 U.S. at 97. Before a civil rights claim based on a grievance may be dismissed for failure to exhaust properly, prison officials must "clearly reject[] a grievance for a reason *explicitly* set forth in the applicable grievance procedure." *Burnett v. Howard*, No. 2:09-cv-37, 2010 WL 1286256, at *3 (W.D. Mich. Mar. 30, 2010) (emphasis added).

The grievance procedure at issue is MDOC Policy Directive 03.02.130. [ECF No. 14-6]. The policy requires a prisoner to try to informally resolve the problem with the allegedly offending staff within two days of learning about the grievable issue, and then, within five days of those informal efforts, file with the grievance coordinator a Step I grievance about any unresolved issues. [ECF No. 14-6, PageID.216-217, ¶¶ P and R]. The prisoner may then file a Step II grievance appeal within ten business days of receiving the Step I response or, if no response was received, within ten business days after the date the response was due. [*Id.*, PageID.218, ¶ BB]. The same schedule applies to a Step III appeal—it is due within ten business days of receiving the Step II response or, if no

6

response was received, within ten business days after the date the response was due. [*Id.*, PageID.219, ¶ FF]. Prisoners must appeal their grievances through Step III and wait until receipt of a Step III response, or until the response is past due, before filing suit.

When completing a grievance, prisoners must concisely state the issues they are alleging and include the "[d]ates, times, places, and names of all those involved in the issue being grieved." [*Id.*, PageID.216-217, ¶ R]. "Grievances and grievance appeals at all steps shall be considered filed on the date sent by the grievant." [*Id.*, PageID.217, ¶ S]. A grievance may be rejected at any step if it is "filed in an untimely manner." [*Id.*, PageID.215, ¶ G(4)]. But grievances may not be rejected for a prisoner's failure to include documents. [*Id.*, PageID.215, ¶ H].

### 1. Alleged harassment and retaliation in May 2015

Alford alleges that she was harassed and retaliated against in May 2015 by Butler and Denney. [ECF No. 1, PageID.7]. She filed no grievance related to these allegations, but states in her response to the motion for summary judgment that she wrote a letter to the warden about her allegations, and that she "may not have been in a position to timely file grievances" because of her numerous mental illnesses. [ECF No. 26, PageID.312]. Alford's alleged letter to the warden was not a recognizable

7

substitute for properly grieving the issues from May 2015, and there is no "mental health" exception to the requirement of proper exhaustion. *Clay v. Catero*, No. 1:07-CV-555, 2010 WL 891845, at *5 n. 4 (W.D. Mich. Mar. 11, 2010). Even if there were a mental illness exception, Alford's equivocal claim that she "may" have been incapable of filing a timely grievance, with no proof, would be insufficient to avoid summary judgment of her May 2015 claims.

### 2. Untimely grievances

As noted, an MDOC prisoner must try to informally resolve the grievable issue within two days of learning of it, and to file a grievance within five days of her informal efforts to resolve the dispute. [ECF No. 14-6, PageID.216-217, ¶¶ P and R]. A prisoner who fails to file her grievance timely has not properly exhausted it. *Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009) (noting that "a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance."); *Colston v. Cramer*, No. 06-14842-BC, 2007 WL 1655413, at *3 (E.D. Mich. June 7, 2007) (holding that plaintiff failed to exhaust remedies when he did not file his grievance within the five-day period).

Alford filed grievance number 2017-01-0001-28E on December 30, 2016, alleging that Strickland used excessive force on December 11, 2016, and that she tried to resolve the issue informally that day. [ECF No. 14-2, PageID.161-64]. She did not file this grievance within five days of her effort to informally resolve the issue. In grievance number 2017-01-0003-28E, Alford said that Dr. Jackson discontinued her medication on December 15, 2016, but she did not try to informally resolve the issue until January 3, 2017. [*Id.,* PageID.159-61]. She thus did not seek to informally resolve the issue within two days of learning of it.

Alford stated in grievance number 2017-02-0739-28I, which was filed against the quartermaster, that she tried on February 5, 2017 to informally resolve an issue about property loss that arose on February 1, 2017. [ECF No. 14-2, PageID.148]. She thus did not try to resolve the issue within two days of it occurring. And defendants allege that Alford did not try to resolve the issue with the appropriate staff—a claim that Alford does not address. [*Id.*, PageID.147; ECF No. 26, PageID.314-17]. As noted, the policy requires a prisoner to try to informally resolve the problem with the allegedly offending staff within two days of learning about the grievable issue. [ECF No. 14-6, PageID.216-217, ¶¶ P and R].

9

Alford filed grievance number 2017-01-0004-28E about an incident on November 18, 2017, but she did not seek to informally resolve the matter until November 30, 2016 and the grievance was not filed until January 3, 2017. [*Id.*, PageID.155]. She missed both the two-day and five-day deadlines.

Alford does not dispute in her response that these grievances were untimely. Instead, she argues that MDOC also failed to follow its policy by responding to her grievances late and by improperly rejecting the substance of a grievance. [ECF No. 26, PageID.316]. She cites no authority that MDOC's failure to follow its policy is a defense to her failure to properly exhaust, and this Court is unaware of any. Summary judgment of the claims raised in Alford's untimely grievances should be granted.

### 3. Remaining Grievances

In grievance number 2017-01-0025-27B, Alford alleged that Reed would not allow her to go to chow hall on December 30, 2016 because Alford was on toplock status, even though the policy states that the warden or a designee may allow a prisoner on toplock status to go to chow hall. [ECF No. 14-2, PageID.167-68]. The grievance was rejected because it was a "policy issue." [*Id.*].

10

MDOC PD 03.02.130 ¶ F(1) states in part that "[a] grievant may not grieve the <u>content</u> of policy or procedure except as it was specifically applied to grievant." [ECF No.14-6, PageID.214, (emphasis in original)]. The MDOC policy states that a prisoner on toplock is restricted to her cell, but that "[t]he Warden or designee may authorize prisoners on toplock to go to the dining room" and other specified areas. MDOC Policy Directive 03.03.105, ¶¶ MMM-OOO (eff. date 04/09/12).[1] Here, Alford was grieving this policy "as it was specifically applied to" her, which is allowed. [*Id.*]. There is thus a genuine dispute about whether grievance 0025-27B was properly rejected.

Defendants do not move for summary judgment of grievance number 15-04-1893-03B, in which Alford alleges that Butler and Denney failed to protect her from an assault by another prisoner on April 22, 2015. [ECF No. 14-2, PageID.169-73].

Thus, partial summary judgment should be granted, leaving the claim raised against Reed and grieved in 0025-27B; and the claim raised against Butler and Denney and grieved in 1893-03B.

---

[1] See https://www.michigan.gov/documents/corrections/0303105_382060_7.pdf (last visited on March 29, 2019).

11

## IV. Conclusion

The Court **RECOMMENDS** that some of Alford's claims be **DISMISSED *SUA SPONTE*;** that the MDOC defendants' motion for partial summary judgment **[ECF No. 20]** be **GRANTED IN PART AND DENIED IN PART;** and that all defendants except Reed, Butler and Denney be dismissed.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: April 1, 2019

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of*

12

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 1, 2019.

                                        s/Marlena Williams
                                        MARLENA WILLIAMS
                                        Case Manager