UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KASI ALFORD,

       Plaintiff,

v.

D. BUTLER, *et al.*,

       Defendants.

_____/

Case No. 18-cv-10466

Paul D. Borman
United States District Judge

Elizabeth A. Stafford
United States Magistrate Judge

<u>OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (ECF NO. 31),
(2) OVERRULING THE PLAINTIFF'S OBJECTIONS, AND
(3) GRANTING IN PART AND DENYING IN PART THE MDOC
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 20)</u>

This is a prisoner civil rights case. On April 1, 2019, Magistrate Judge Elizabeth A. Stafford issued a Report and Recommendation to *sua sponte* dismiss certain claims of Plaintiff's Complaint and to grant in part and deny in part Michigan Department Of Corrections ("MDOC") Defendants Donna Butler, Jennifer Denney, Steven Adams, Derrick Lee, Eboni Chavers, Alexia Johnson, Maya Nelson, Jamie Strickland, Natasha Reed, Amber Brown, Laura Williams, Richard Jackson, and Cheryl White's ("the MDOC Defendants") motion for partial summary judgment. (ECF No. 20, Report and Recommendation) ("the Report"). On April 18, 2019,

1

Plaintiff filed an Objection to the Report. (ECF No. 35.) The MDOC Defendants did not file a Response to the Plaintiff's Objection. Having conducted a *de novo* review, pursuant to 28 U.S.C. § 636(b)(1), of those parts of the Magistrate Judge's Report and Recommendation to which specific objections have been filed, the Court OVERRULES Plaintiff's Objections, ADOPTS the Magistrate Judge's Report, *sua sponte* dismisses certain allegations of Plaintiff's Complaint, and GRANTS IN PART AND DENIES IN PART the MDOC Defendants' motion for summary judgment.

I.  BACKGROUND

Plaintiff brings this 42 U.S.C. § 1983 Complaint against several MDOC employees claiming that they violated her constitutional rights during her incarceration at the Women's Huron Valley Correctional Facility. Magistrate Judge Stafford has issued a Report and Recommendation in part dismissing certain of Plaintiff's claims for failure to exhaust her remedies under the MDOC grievance procedures. Plaintiff has objected to the exhaustion rulings of the Magistrate Judge's Report and Recommendation, asserting that she has "used all exhaustion steps as best she could," but that her inability to control when prison officials act on her grievances, along with her mental well-being issues, should excuse any untimeliness. Because mental health is not an excuse for untimeliness in the grievance procedure, and because Plaintiff does not dispute the Magistrate Judge's calculation of the timing of

2

her grievances, the Court will adopt the Report and Recommendation.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objection" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4,

2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Secretary of Health & Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)).

**III. ANALYSIS**

As an initial matter, Plaintiffs objects broadly to the lack of assistance she received from prison staff in completing her grievance forms, but fails to identify any specific error in the Magistrate Judge's analysis regarding the timeliness of her various grievances that this Court should review and correct. Such "general objections" that fail to pinpoint errors in the Magistrate Judge's analysis are insufficient to warrant *de novo* review.

The Magistrate Judge correctly concluded that there is no "mental-capacity" exception to the exhaustion requirement. *See, e.g. Williams v. White*, 724 F. App'x 380, 383 (6th Cir. 2018) (rejecting plaintiff's excuse that he lacked the mental capacity to make sense of the exhaustion process, noting that "there is no mental-capacity exception to the PLRA" exhaustion requirements). Plaintiff cannot rely on her mental health issues as an excuse for failing to comply with the MDOC exhaustion requirements.

Regarding the Magistrate Judge's analysis of the timeliness of Plaintiff's grievances, the Court notes that the Plaintiff appears quite capable of drafting and

4

filing grievances. Plaintiff complains that none of the MDOC staff assisted her in filing grievances, but she cites no specific instance in which she was prevented from timely filing a grievance due to some conduct of an MDOC staff member. Plaintiff also complains that the MDOC did not timely respond to her grievances but, as the Magistrate Judge pointed out, the grievance process accounts for this potential failure to respond on the part of the MDOC by permitting Plaintiff to move to the next Step in the grievance process if she fails to receive a timely response from the MDOC. The failure of the MDOC to timely respond is thus not an excuse for Plaintiff's own untimeliness. In any event, the grievances that the Magistrate Judge concludes were not properly exhausted were untimely due to Plaintiff's failure to timely attempt to informally resolve the issues before proceeding with the grievance process. Plaintiff does not dispute these time frames and does not dispute that by her conduct, the grievances were untimely.

**IV.     CONCLUSION**

The Magistrate Judge correctly ruled that grievances 2017-01-0001-28E, 2017-01-0003-28E, 2017-02-0739-28I, and 2017-01-0004-28E, were untimely and not properly exhausted. Plaintiff's Objection is OVERRULED and Defendants are entitled to summary judgment as to these grievances.

Plaintiff does not object to the Magistrate Judge's ruling that certain allegations

5

of Plaintiff's Complaint contained in grievances 17-02-0736-28B, 17-02-0737-28B, 17-02-0940-28B, 17-02-0942-28E, 17-02-0989-[27B], 17-03-127[7]-28I, and 17-0[3]-1316-28B, should be dismissed *sua sponte* for failure to state a claim under 42 U.S.C. § 1983.[1] Defendants are entitled to dismissal of these allegations of Plaintiff's Complaint.

**IV. CONCLUSION**

For the foregoing reasons, it is ORDERED that:

1) Plaintiff's Objections are OVERRULED;

2) Magistrate Judge Elizabeth Stafford's April 1, 2019 Report and Recommendation is ADOPTED, and certain claims are dismissed *sua sponte*;

3) The MDOC Defendants' motion for partial summary judgment is GRANTED IN PART AND DENIED IN PART;

---

[1] At times the grievance numbers are inconsistently recorded, either in the Plaintiff's Complaint, or in the Report and Recommendation, or in the Grievance Records. The Court has endeavored to consult the Grievance Records and the Plaintiff's Complaint to arrive at what appears to be the appropriate grievance numbers, as indicated by the bracketed numbers/letters. In any event, the context of the grievances, when compared to their description in the Plaintiff's Complaint, resolves any remaining ambiguities.

4) All moving MDOC Defendants, except for Reed, Butler, and Denney are DISMISSED.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: July 1, 2019