UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KASI ALFORD,

          Plaintiff,         Civil Action No. 18-10466
                                   Honorable Paul D. Borman
v.                               Magistrate Judge Elizabeth A. Stafford

D. BUTLER, *et al.*,

          Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT JAMES GRIGGS'S MOTION FOR SUMMARY JUDGMENT BASED ON FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES [ECF NO. 33]**

Plaintiff Kasi Alford, a prisoner proceeding *pro se*, sued numerous employees of the Michigan Department of Corrections (MDOC) under 42 U.S.C. § 1983, alleging that they violated her constitutional rights during her incarceration at Women's Huron Valley Correctional Facility. [ECF No. 1]. Alford identified one of the defendants in her complaint as "the quartermaster," and she later specified that he is "Quartermaster J. Griggs." [ECF No. 1, PageID.17; ECF No. 9, PageID.81]. In April 2019, Defendant James Griggs moved for summary judgment, alleging that Alford failed to properly exhaust her administrative remedies. [ECF No. 33]. His motion should be granted.

In an earlier report and recommendation (R&R), this Court recommended that a motion for summary judgment filed by several other defendants be granted in part. [ECF No. 31]. About the claims against "the quartermaster," the Court wrote:

> [A]n MDOC prisoner must try to informally resolve the grievable issue within two days of learning of it, and to file a grievance within five days of her informal efforts to resolve the dispute. [ECF No. 14-6, PageID.216-217, ¶¶ P and R]. A prisoner who fails to file her grievance timely has not properly exhausted it. *Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009) (noting that 'a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance.'); *Colston v. Cramer*, No. 06-14842-BC, 2007 WL 1655413, at *3 (E.D. Mich. June 7, 2007) (holding that plaintiff failed to exhaust remedies when he did not file his grievance within the five-day period).
> . . . .
> Alford stated in grievance number 2017-02-0739-28I, which was filed against the quartermaster, that she tried on February 5, 2017 to informally resolve an issue about property loss that arose on February 1, 2017. [ECF No. 14-2, PageID.148]. She thus did not try to resolve the issue within two days of it occurring. And defendants allege that Alford did not try to resolve the issue with the appropriate staff—a claim that Alford does not address. [*Id.*, PageID.147; ECF No. 26, PageID.314-17]. As noted, the policy requires a prisoner to try to informally resolve the problem with the allegedly offending staff within two days of learning about the grievable issue. [ECF No. 14-6, PageID.216-217, ¶¶ P and R].
> Alford filed grievance number 2017-01-0004-28E about an incident on November 18, 2017, but she did not seek to informally resolve the matter until November 30, 2016 and the grievance was not filed until January 3, 2017. [*Id.*, PageID.155]. She missed both the two-day and five-day deadlines.

[ECF No. 31, PageID.350-352].

In July 2019, the Honorable Paul D. Borman[1] adopted the R&R and granted summary judgment of Alford's claims under grievances 2017-02-0739-28I and 2017-01-0004-28E, among others. [ECF No. 39, PageID.470-471]. Griggs's motion for summary judgment relates to grievances 2017-02-0739-28I and 2017-01-0004-28E. [ECF No. 33, PageID.365-372].

Since Judge Borman already found that grievances 2017-02-0739-28I and 2017-01-0004-28E were untimely, Griggs's motion for summary judgment [ECF No. 33] should be **GRANTED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: January 28, 2020

---

[1] Judge Borman referred this matter to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). [ECF No. 7].

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in**

4

**length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 28, 2020.

s/Marlena Williams  
MARLENA WILLIAMS  
Case Manager
