UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KASI ALFORD, | Civil Action No.: 18-10466 |
| | Honorable Paul D. Borman |
| Plaintiff, | Magistrate Judge Elizabeth A. Stafford |
| v. | |
| D. BUTLER, *et al.*, | |
| Defendants. | |

_____/

**REPORT AND RECOMMENDATION ON DEFENDANTS'
SECOND MOTION FOR SUMMARY JUDGMENT [ECF NO. 58]**

### I.  Introduction

Plaintiff Kasi Alford, a prisoner proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 against several employees of the Michigan Department of Corrections (MDOC), alleging that they violated her constitutional rights during her incarceration at the Women's Huron Valley Correctional Facility.  [ECF No. 1].[1]  In August 2020, the Court granted Defendants Donna Butler, Jennifer Denney and Natasha Reed leave to file a second motion for summary judgment.  [ECF No. 56; ECF No. 57].

---

[1] The Honorable Paul D. Borman referred this matter to the undersigned for all pretrial proceedings under 28 U.S.C. § 636(b).  [ECF No. 7].

Defendants contend that they violated no constitutional rights and that they are entitled to qualified immunity. [ECF No. 58]. Alford was ordered to respond by September 10, 2020, but she has failed to do so. [ECF No. 59]. The Court recommends that the second motion for summary judgment be granted.

II. Analysis

A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not [ ] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue

for trial. *Id.* at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). But "[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). And when a plaintiff fails to respond or to otherwise oppose defendants' motion, the court may consider the plaintiff to have waived opposition to the motion. *Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008). Still, a defendant "bears the burden of demonstrating the absence of a genuine issue as to a material fact," and "must always bear this initial burden regardless if an adverse party fails to respond." *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991).

**B.**

Alford claims that Reed committed cruel and unusual punishment under the Eighth and Fourteenth Amendment by not allowing Alford to go to the chow hall in December 2016 because she was on toplock status. [ECF No. 1, PageID.4, 7-8]. During Alford's deposition, she testified that Reed denied her one lunch, and that she had breakfast and dinner the same day. [ECF No. 58-2, PageID.705, 713-715]. Defendants argue that

"the denial of one meal does not rise to the level of a constitutional violation." [ECF No. 58, PageID.671-676]. The Court agrees.

The Eighth Amendment prohibits the "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981). But "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). The alleged deprivation must result "in the denial of 'the minimal civilized measure of life's necessities.'" *Berkshire v. Beauvais*, 928 F.3d 520, 537 (6th Cir. 2019) (quoting *Rhodes*, 452 U.S. at 347).

Alford's allegation that she was deprived of one meal does not rise to constitutional levels. "[T]he withholding of meals, while it may result in some discomfort to the prisoner, does not result in a health risk to the prisoner sufficient to qualify as a 'wanton infliction of pain' where the prisoner continues to receive adequate nutrition." *Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011). In *Cunningham v. Jones*, the Sixth Circuit affirmed the district court's "finding that the one meal a day furnished was sufficient to maintain normal health for the 15 days involved." 667 F.2d 565, 566 (6th Cir. 1982). And in *Richmond*, the Sixth Circuit ruled

4

that the district court properly granted summary judgment motion when the plaintiff alleged being deprived of "seven meals during his six days on Behavioral Management." *Richmond v. Settles*, 450 F. App'x 448, 456-457 (6th Cir. 2011). Similarly, the court in *Davis v. Miron* held that the plaintiff's allegation of being denied seven meals over six days "d[id] not rise to the level of an Eighth Amendment violation." 502 F. App'x 569, 570 (6th Cir. 2012).

The Court thus finds that Alford's claim that she was deprived of one meal does not allege a sufficiently serious deprivation.

## C.

The Court next addresses Alford's failure to protect claim. In April 2015, Alford was attacked by another prisoner, Tovonya Clark, with a combination lock wrapped in clothing. [ECF No. 1, PageID.6; ECF No. 58, 668-671; ECF No. 58-4; 58-5]. Alford was treated at a hospital for the injuries. [ECF No. 1, PageID.6; ECF No. 58, PageID.670; ECF No. 58-2, PageID.724; *see also* ECF No. 58-5, PageID.745]. She claimed in her complaint that two inmates told Butler and Denney that Clark had a "lock in a sock" but they failed to protect her from being attacked. [ECF No. 1, PageID.6].

5

Under the Eighth Amendment, "prison officials have an affirmative duty to protect inmates from violence perpetrated by other prisoners." *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998). To prevail on a deliberate indifference claim, an inmate must satisfy both the objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For the objective component, Alford must show that defendants' acts or omissions deprived her of "the minimal civilized measure of life's necessities" and posed "a substantial risk of serious harm." *Id*. The subjective component requires proof that the prison official acted with deliberate indifference, meaning that the official knew of but disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010).

The test for deliberate indifference does not require "that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite [her] knowledge of a substantial risk of serious harm." *Farmer*, 511 U.S. at 842. When prison officials know that a prisoner is vulnerable to assault, the officials must take reasonable measures to protect that prisoner. *Id.* at 832.

6

Those prison officials "'may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.'" *Wilson v. Williams*, 961 F.3d 829, 840 (6th Cir. 2020) (quoting *Farmer*, 511 U.S. at 844).

Defendants argue that the attack "came without warning" and that they had no "opportunity to prevent the attack." [ECF No. 58, PageID.688]. The record supports that Butler and Denney had no warning that Clark intended to assault Alford.

According to Butler's and Denney's affidavits, prisoners told them that Clark had collected rocks to use to hit another prisoner; Bulter recalled that the other prisoner was Taylor and Denney could not remember who the prisoners said that Clark intended to attack. [ECF No. 58-4; ECF No. 58-5]. Butler and Denney interviewed a seemingly cooperative Clark, who denied intending to assault Taylor. [*Id.*]. Butler and Denney found no rocks on Clark when they searched her. [*Id.*]. Later, when Butler saw Clark walking to the "quiet room" with her coat on, Butler directed Clark to put the coat in her cell. [ECF No. 58-4]. Butler saw Clark walk back toward her cell but then return to the quiet room with her coat on. [*Id.*]. Butler commanded Clark not to enter the quiet room, but Clark defied those commands. [*Id.*]. Butler ran to the quiet room and saw Clark swinging at Alford with an object

7

that turned out to be a combination lock wrapped in a shirt. [*Id.*]. Butler had to stun Clark to restrain her. [*Id.*].

Alford did not ask for protection before the assault; she did not know that Clark intended to assault her or had a weapon. [ECF No. 58-2, PageID.715-723]. Alford testified in her deposition that she confronted Clark about a debt four hours before the attack, but that this confrontation did not result in a fight and that neither Butler nor Denney were present. [*Id.*]. Grievance documents show that two witnesses warned Butler and Denney about Clark, but neither reported that Clark might assault Alford. [ECF No. 14-2, PageID.173-175]. Taylor corroborated that she told Butler and Denney that Clark had rocks and that she believed that Clark intended to assault her (Taylor). [ECF No. 14-2, PageID.173-175]. Taylor also confirmed that Butler and Denney questioned Clark and searched her room. [*Id.*].

The record thus shows that other prisoners informed Butler and Denney of Clark's potential possession of a weapon and assault of another prisoner, but that Butler and Denney had no notice that Clark would assault Alford. The record shows that Butler and Denney investigated the reports but found no corroboration that Clark had a weapon. "The key inquiry is whether the [defendants] 'responded reasonably to th[is] risk.'" *Wilson*, 961

F.3d at 840 (quoting *Farmer*, 511 U.S. at 844). Under these facts, even though harm was not averted, Butler and Denney responded reasonably to the risk they were warned about and were not deliberately indifferent.

### D.

Lastly, defendants argue that they are entitled to qualified immunity because no constitutional violation occurred. [ECF No. 58, PageID.686-688]. Determining the applicability of qualified immunity requires a two-step inquiry into whether the facts, when viewed in the light most favorable to the plaintiff, would permit a reasonable juror to find that: (1) the defendant violated a constitutional right; and (2) the right was clearly established. *Estate of Carter v. City of Detroit*, 408 F.3d 305, 311 (6th Cir. 2005). Here, it is clearly established that prison officials may not deprive prisoners of essential food. *Rhodes*, 452 U.S. at 348. It is also clearly established that a prison official must take reasonable measures to protect a prisoner from a known danger of assault. *Farmer*, 511 U.S. at 832. But for the reasons stated, Alford does not show that defendants violated either of these clearly established constitutional rights, and defendants are thus entitled to qualified immunity.

### III. Conclusion

The Court **RECOMMENDS** that defendants' motion for summary judgment [ECF No. 58] be **GRANTED**, and the claims against Reedy, Butler and Denney be **DISMISSED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: November 9, 2020

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 9, 2020.